#24631-a-RWS

**2008 SD 51**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

Guardianship and Conservatorship of
DENNIS P. FISCHER,
A person alleged to need protection.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
BROWN COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE TONY PORTRA
Judge

\* \* \* \*

DREW C. JOHNSON
Aberdeen, South Dakota                     Attorney for appellant
                                           Andrew Fischer.


CHRISTY GRIFFIN SERR
Aberdeen, South Dakota                     Attorney for appellee
                                           Shirley A. Johnson
                                           a.k.a. Shirley A. Fischer.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 21, 2007

OPINION FILED **06/18/08**

#24631

SABERS, Justice.

[¶1.] Shirley A. Johnson (a.k.a. Shirley Fischer) petitioned to have her ex-husband, Andrew Fischer, removed as co-guardian and co-conservator of their twenty-three year old son, Dennis. The circuit court granted the petition removing Andrew. We affirm.

## FACTS

[¶2.] In 2002, Shirley and Andrew were appointed co-guardians and co-conservators of their son, Dennis. At the time Dennis was eighteen years old. He is developmentally disabled, has a seizure disorder, cataracts, is legally blind, has limited reading and writing ability, mild hearing loss and is in need of supervision.

[¶3.] Shirley, Andrew and Dennis decided that it would be best for Dennis to reside in an Adjustment Training Center (ATC) facility in Aberdeen, South Dakota. They wanted Dennis to learn to live as independently as possible. Dennis moved into an ATC apartment. He had a job through ATC and, in addition to vocational services, ATC provided other services such as housing, physical therapy, recreation, nursing and employment options in the community.

[¶4.] Over the next few years, Andrew had many concerns about the treatment Dennis was receiving from ATC. Andrew would continually call doctors regarding Dennis' care and complain about the quality of services provided to Dennis. According to an ATC worker's testimony, Andrew would tell ATC employees how and when drugs should be administered. When the ATC employee explained that was against policy or doctor's orders, he would call the doctor repeatedly in an attempt to get the directions "clarified" or outright changed.

Andrew would yell at the staff. If unsatisfied with something, Andrew would write to the Attorney General and Brown County State's Attorney's Office asking ATC be investigated.[1] Additionally, Andrew would continually take Dennis out of town for three to four days at a time, interfering with his job.

[¶5.] Eventually, the problems created a breaking point for ATC and a meeting was held in March of 2006, with ATC services coordinator Dana Spellman, ATC Director Rob Wanous, Services Coordination Director Arlette Keller, Shirley and Andrew. During this meeting Spellman explained that there were too many conflicts between Andrew and ATC. There was a conflict between how Shirley and Andrew wanted Dennis to live. Shirley supported Dennis learning to live as independently as possible, while Andrew wanted to micromanage everything and really wanted Dennis to live at home with him. Due to the conflicts, ATC informed Shirley and Andrew that Dennis could no longer reside at ATC, but it would continue to provide vocational services during the day.[2] Spellman explained that it was not in Dennis' best interest to leave the residency program, but it was in the agency's best interest because of Andrew's actions.

---

1. Andrew has also written letters regarding ATC's care to the Division of Developmental Disabilities, the director of Health and Human Services, the head of Growth and Developmentally Delayed branch in Pierre and an advocate in Pierre.

2. The report from this meeting provides that Spellman spoke with Dennis about no longer living at his apartment. Dennis replied that his dad had told him last night. When asked if Dennis wanted to live with his dad, Dennis replied that he wanted to live with his dad, but that his dad told him to say that. When asked where he wanted to live, without worrying about mom or dad, he responded he wanted to stay in his apartment.

[¶6.]        Shirley petitioned for termination of Andrew's guardianship and conservatorship of Dennis.  A hearing was held on May 7, 2007.  At the conclusion of the hearing, the circuit court found that Andrew may believe he has Dennis' best interest at heart, but his actions and the results are not in Dennis' best interest.  Therefore, under SDCL 29A-5-504(12), the circuit court terminated Andrew's guardianship and conservatorship because Andrew was not acting in the best interest of Dennis' even though without fault.[3]  Andrew appeals raising the following issue:

> Whether the circuit court abused its discretion in removing Andrew as co-guardian and co-conservator of Dennis.

### STANDARD OF REVIEW

> "In guardianship proceedings, the trial court's findings of fact are reviewed under the 'clearly erroneous' standard." Guardianship of Larson, 1998 SD 51, ¶13, 579 NW2d 24, 27 (citing *In re* Guardianship of Viereck, 411 NW2d 102, 106 (SD 1987) (citing SDCL 15-6-52(a))).  According to this test, "[w]e will not overturn the trial court's findings unless, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake was made." *Id.* (citing Wiggins v. Shewmake, 374 NW2d 111, 114 (SD 1985)).

*In re* Guardianship & Conservatorship of Miles, 2003 SD 34, ¶11, 660 NW2d 233, 236.  We will not reverse the termination of a guardian or conservatorship unless the decision was an abuse of discretion.  *See In re* Guardianship of Blare, 1999 SD 3, ¶9, 589 NW2d 211, 213 (additional citation omitted).

---

3.     Shirley petitioned that a neutral third party could be appointed as guardian and conservator.  At the conclusion of the hearing, the circuit court judge said he would appoint a third party if both parties agreed that a neutral party should be appointed.  However, Andrew would not agree.

**[¶7.]** **Whether the circuit court abused its discretion in** [removing] **Andrew as co-guardian and co-conservator of Dennis.**

**[¶8.]** First, Andrew argues that the circuit court did not make findings or conclusions as required by SDCL 15-6-52(a). "Generally, the failure to file findings of fact and conclusions of law constitutes reversible error." Toft v. Toft, 2006 SD 91, ¶11, 723 NW2d 546, 550 (citing Grode v. Grode, 1996 SD 15, ¶29, 543 NW2d 795, 803). "However, we have also noted that an appellate court may remand for findings, or, because findings are not jurisdictional, 'an appellate court may decide the appeal without further findings if it feels it is in a position to do so.'" *Id.* (quoting Hoffman v. Olsen, 2003 SD 26, ¶10, 658 NW2d 790, 793 (quoting Ridley v. Lawrence County Com'n, 2000 SD 143, ¶13, 619 NW2d 254, 259)) (additional citations omitted).

**[¶9.]** It is unnecessary to remand for further findings in this case. While the circuit court did not file separate findings of fact and conclusions of law, it did enumerate some findings and conclusions in its order terminating co-guardianship and co-conservatorship and appointment of sole guardian and conservator. The order in relevant part provides:

> Upon consideration of the Petition for Termination of Co-Guardianship and Co-Conservatorship, the [c]ourt finds:
>
> 1. The court heard the testimony and received the documents on file and finds that the notice has been properly served upon Dennis P. Fischer, Andrew Fischer, Shirley Johnson and otherwise given to all interested persons.
>
> 2. The co-guardianship and co-conservatorship was terminated due to the inability of the co-guardians and co-conservator's to arrive at decisions regarding the health and well being of Dennis P. Fischer.

3. Good cause has been shown for the termination.

4. That it would be in the best interest of Dennis P. Fischer that Shirley Johnson be appointed the sole guardian and conservator of Dennis P. Fischer.

Furthermore, the circuit court issued its decision at the end of the hearing and the record contains other findings and conclusions regarding the decision. Accordingly, the record is sufficient to consider this appeal.

[¶10.] Andrew argues that the circuit court abused its discretion because he and Shirley got along fine; it was only his problem with ATC that was in issue and ATC is not the co-guardian. Furthermore, Andrew argues that termination of his guardian and conservatorship is akin to terminating his parental rights. He urges this Court to interject the parental termination standard into a guardian and conservatorship proceeding and find that termination was not the least restrictive alternative. He argues that "[s]ince the other avenues pointed out [in his brief] were not pursued, it was the failure to exhaust those potential remedies that strikes at the heart of [Andrew's] argument."

[¶11.] Shirley argues that that circuit court did not abuse its discretion because it is in Dennis' best interest to remove Andrew as the co-guardian and co-conservator. She argues that Dennis should stay in Aberdeen, SD around friends and family, in a familiar setting. Yet, ATC is the only facility available that can help Dennis be independent and ATC will not allow Dennis to live there while

Andrew is the co-conservator. ATC will allow Dennis to resume residential treatment if Shirley is the only conservator.[4]

[¶12.] The record indicates that the circuit court did not abuse its discretion. First, we refuse to use a parental termination standard in a termination of guardianship/conservatorship. The plain language of the statutes is clear and we follow the standard set forth for guardian and conservator proceedings. Second, the testimony reflects that Andrew, while having good intentions, was not acting in the best interest of Dennis. The testimony indicates that Dennis needs stability and change is hard for him. Yet, his father's actions in antagonizing the staff by yelling, micromanaging and writing so many letters that ATC feared a lawsuit, resulted in Dennis' removal from the residential facility.[5] Andrew also removed Dennis from his job so often that Dennis was having a hard time grasping certain tasks and Dennis had to relearn those tasks after Andrew brought him back. Andrew is touring facilities in Sioux Falls, South Dakota and out of state in order to place Dennis in a facility similar to ATC in Aberdeen, South Dakota. However, Dennis' family and friends are in Aberdeen and Dennis is comfortable and likes living at ATC in Aberdeen.

---

4. ATC also indicated Dennis could return if a neutral third party was appointed as guardian and conservator.

5. The record also contains letters from Andrew to the circuit court and his children alleging a multitude of claims, including: a depravation of his constitutional rights, a conspiracy among health professionals and others, that he was slandered and defamed by opposing counsel during cross-examination, his wife is mentally unstable, his wife was pushed into divorcing him by her therapist, he was "sold out" by his attorney, and

(continued . . .)

[¶13.]     At the conclusion of the hearing, after considering the testimony of the witnesses and reviewing the evidence, the circuit court determined that it was in Dennis' best interest for Shirley to be the sole guardian and conservator and to terminate Andrew's guardian and conservatorship. It found that it was in the best interest for Dennis to stay in Aberdeen where he is near both of his loving parents. It noted that Andrew had a fundamental mistrust of people that "causes relationships to break down and that is hurting Dennis at this point, because that is essentially the reason that he was removed from the residential program . . . ." Finally, the circuit court found that it was in Dennis' best interest to get back into the residential program at ATC and concluded the only way for that to happen was to appoint Shirley the sole guardian and conservator. As counsel for the children stated in closing argument,

> Dennis needs a guardian to advocate for him, to act in his best interest, to encourage relationships and look out for Dennis' care and needs and wants and I know that his parents have been working to do that, but this current guardianship arrangement is not working. Dennis was booted from the apartment with the residential program through ATC. Professionals who work with Dennis have been accused of all kinds of things. Doctors have been pushed, frustrated to comply with Andy's desires for Dennis. Change is difficult for Dennis. Change is difficult for anyone in Dennis' situation. Currently, Dennis is in a program that's working. He enjoys what he's doing . . . . He is comfortable with the staff. A move at this point would not be in Dennis' best interest. A move because Andy alienated the ATC as far as the residential program is not in Dennis' best interest.

_____

(. . . continued)

accusations against various counselors and professionals for being "communist/terrorist subversives" who may have led to their family's demise.

> Dennis needs someone to help build bridges, not to set them aflame . . . .

SDCL 29A-5-504 provides in part:

> Upon petition by any interested person or on the court's own motion, the court may remove a guardian or conservator or order other appropriate relief if the guardian or conservator:
> . . .
> (12) Is not acting in the best interests of the minor or protected person or of the estate even though without fault.

[¶14.] Given the record, Andrew has not demonstrated that the circuit court abused its discretion.

[¶15.] Affirmed.

[¶16.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.