#28839-a-SRJ
**2019 S.D. 42**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JOSHUA RECK,                                    Appellant,

v.

SOUTH DAKOTA BOARD OF
PARDONS AND PAROLES,                            Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JAMES A. POWER
Judge

THE HONORABLE LAWRENCE E. LONG
Judge

* * * *

BEAU J. BLOUIN of
Minnehaha County Public
    Defender's Office
Sioux Falls, South Dakota              Attorneys for appellant.


JASON RAVNSBORG
Attorney General
Pierre, South Dakota

CATHERINE SCHLIMGEN
Special Assistant Attorney General
Department of Corrections
Sioux Falls, South Dakota              Attorneys for appellee.

* * * *

CONSIDERED ON BRIEFS
ON MAY 28, 2019
OPINION FILED **07/17/19**

JENSEN, Justice

[¶1.] Joshua Reck was sentenced to penitentiary terms for aggravated assault against a law enforcement officer and aggravated assault with a dangerous weapon arising from unrelated incidents. The South Dakota Department of Corrections (Department) calculated Reck's parole eligibility for both sentences under the parole grid in SDCL 24-15A-32. A South Dakota Board of Pardons and Paroles (BPP) appeal panel affirmed the Department's parole eligibility calculations. Reck appealed to the circuit court, which affirmed the BPP's decision. Reck appeals to this Court, arguing the Department misapplied the parole grid by using one or more of his prior non-violent felony convictions to increase his time until parole. We affirm the circuit court's ruling.

**Facts and Procedural History**

[¶2.] On December 5, 2016, Reck was sentenced in Hutchinson County to twelve years in the state penitentiary with four years suspended following his nolo contendere plea to aggravated assault against a law enforcement officer, a class 2 felony. The Department calculated Reck's parole eligibility date by applying the grid in SDCL 24-15A-32.[1] At the time, Reck had been convicted of three prior felonies in South Dakota, all considered non-violent for parole purposes under SDCL 24-15A-32. Although aggravated assault against a law enforcement officer is categorized as a violent offense for parole under SDCL 24-15A-32, the Department considered Reck's prior non-violent felonies when it calculated his parole eligibility.

---

1.  The grid in SDCL 24-15A-32 is included as an appendix at the conclusion of the opinion.

Using his prior non-violent convictions, the Department treated Reck's sentence for aggravated assault against a law enforcement officer as his third felony conviction, requiring him to serve 75% of his sentence.

[¶3.] On June 26, 2017, Reck was sentenced in Minnehaha County to fifteen years in the state penitentiary, with five years suspended after he pleaded guilty to aggravated assault with a dangerous weapon, a class 3 felony. This sentence was ordered to run concurrent with his prior sentence for aggravated assault against a law enforcement officer. After sentencing, the Department applied the parole grid in SDCL 24-15A-32 and included at least one of Reck's prior non-violent felonies to determine the aggravated assault was at least his third felony conviction. Under the grid, the Department calculated Reck would not be parole eligible until he served 70% of his sentence.

[¶4.] Reck challenged the Department's parole eligibility calculations for both of his aggravated assault convictions. Reck did not dispute the classification of the convictions, or their treatment as violent offenses, but took exception to the Department's use of his prior non-violent felonies to increase the parole eligibility dates under the grid. He asserted that his prior non-violent felony convictions could not be used to calculate his parole eligibility on his sentences for violent offenses under the grid in SDCL 24-15A-32. To this end, Reck claimed the parole grid only required him to serve 50% of his sentence for aggravated assault against a law enforcement officer, because it was his first violent felony conviction. Similarly, he argued the parole grid only required him to serve 60% of his sentence for aggravated assault with a dangerous weapon, since it was his second violent felony

conviction.  The prison warden denied Reck's challenge to the parole calculations, and Reck appealed to the BPP.

[¶5.]      At a hearing before a panel of the BPP, Reck appeared pro se and maintained that the Department incorrectly applied the parole grid in SDCL 24-15A-32.  The Department's Records Administrator, Melinda Johnson, testified to the Department's procedure when calculating the parole eligibility date.  During Johnson's cross-examination, Reck asked what authority permitted the Department to combine violent and non-violent felonies under the grid in SDCL 24-15A-32.  Johnson responded, "24-15A-16 . . . [p]art of [that statute] states that any felony conviction in this state, any other state[,] or the United States shall be considered to determine the initial parole date under [SDCL 24-15A-32]."  The BPP panel affirmed the Department's calculations, stating in its findings of fact and conclusions of law, "[f]or purposes of determining the percentage of a sentence an offender must serve before reaching his initial parole date, SDCL 24-15A-32 and 24-15A-16 must be read together . . . ."

[¶6.]      Reck appealed the BPP decision to the circuit court.  Following a hearing, the circuit court denied Reck's claim of error in the Department's parole calculations, stating: "Reck's argument ignores the plain language of SDCL 24-15A-16 which requires: ". . . Any felony conviction in this state, . . . shall be considered to determine an initial parole date under Secs. 24-15-4 and 24-15A-32."

[¶7.]      Reck appealed the circuit court's order and was appointed counsel for his appeal to this Court.  He raises one issue:

> Whether the circuit court erred in affirming the
> Department's parole determinations for Reck's

aggravated assault sentences under the grid in SDCL 24-15A-32.

## Standard of Review

[¶8.]    Reck filed this administrative appeal from the circuit court under SDCL 1-26-37.  *See Rowley v. S.D. Bd. of Pardons & Paroles*, 2013 S.D. 6, ¶ 5, 826 N.W.2d 360, 363.  "Therefore, we 'review questions of fact under the clearly erroneous standard; mixed questions of law and fact and questions of law are reviewed de novo.'"  *Id.* (quoting *Brant v. S.D. Bd. of Pardons & Paroles*, 2012 S.D. 12, ¶ 7, 809 N.W.2d 847, 849).  Since the sole question before this Court is one of statutory interpretation, we review this case de novo.  *Id.*; *State v. Jucht*, 2012 S.D. 66, ¶ 22, 821 N.W.2d 629, 634.

## Analysis & Decision

[¶9.]    Reck argues the Department improperly considered his prior non-violent felony convictions to lengthen his prison time until he is eligible for parole. He claims that SDCL 24-15A-32 does not permit the Department to combine his non-violent felony convictions with his violent felony convictions when determining parole eligibility under the grid.  Reck also argues that the Department's calculations require reading new language into SDCL 24-15A-32 and, at the very least, SDCL 24-15A-32 is ambiguous as to whether the Department may use convictions for non-violent offenses to increase the time to parole for a violent offense.  He deduces that this conclusion requires us to apply the rule of lenity and interpret the statute in his favor.  *See United States v. Smith*, 756 F.3d 1070, 1075 (8th Cir. 2014) ("The rule of lenity requires a criminal statute be construed in a defendant's favor where, 'after considering text, structure, history, and purpose,

there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended.'") (quoting *United States v. Castleman*, 572 U.S. 157, 172-73, 134 S. Ct. 1405, 1416, 188 L. Ed. 2d 426 (2014)).

[¶10.]     The Department responds that there is no ambiguity and the statutory grid considers all felony convictions, whether violent or non-violent, to determine a parole eligibility date.  The Department further points to the language in SDCL 24-15A-16, which requires any felony convictions to be considered to determine an initial parole date.

[¶11.]     "In conducting statutory interpretation, we give words their plain meaning and effect, and read statutes as a whole." *State v. Bowers*, 2018 S.D. 50, ¶ 16, 915 N.W.2d 161, 166 (quoting *Expungement of Oliver*, 2012 S.D. 9, ¶ 6, 810 N.W.2d 350, 352).  "[I]f the words and phrases in the statute have plain meaning and effect, we should simply declare their meaning and not resort to statutory construction." *State v. Bariteau*, 2016 S.D. 57, ¶ 15, 884 N.W.2d 169, 175 (quoting *Dale v. Young*, 2015 S.D. 96, ¶ 6, 873 N.W.2d 72, 74).  "The intent of a statute is determined from what the Legislature said, rather than what we think it should have said." *Engesser v. Young*, 2014 S.D. 81, ¶ 22 n.1, 856 N.W.2d 471, 478 n.1 (quoting *Esling v. Krambeck*, 2003 S.D. 59, ¶ 6, 663 N.W.2d 671, 676).  "Therefore, the starting point when interpreting a statute must always be the language itself." *State v. Livingood*, 2018 S.D. 83, ¶ 31, 921 N.W.2d 492, 499.

[¶12.]     A plain reading of SDCL 24-15A-16 and SDCL 24-15A-32 shows that no ambiguity exists in the language of these statutes and the Department properly

applied the parole grid. Initially, SDCL 24-15A-16 defines the prior felonies to be considered in calculating parole under SDCL 24-15A-32. SDCL 24-15A-16 states,

> [t]he determination of whether a prior offense is a felony for the purposes of this chapter shall be determined by whether it is a felony under the laws of this state, any other state, or the United States at the time of conviction of the offense. *Any felony conviction in this state, any other state, or the United States shall be considered to determine an initial parole date under §§ 24-15-4 and 24-15A-32.*

(Emphasis added.) "As a rule of statutory construction, we have determined that 'when shall is the operative verb in a statute, it is given obligatory or mandatory meaning.'" *Discover Bank v. Stanley*, 2008 S.D. 111, ¶ 21, 757 N.W.2d 756, 762 (quoting *In re J.H.*, 1999 S.D. 36, ¶ 31, 590 N.W.2d 473, 479). SDCL 24-15A-16 then, not only permits, but requires the Department to consider "[a]ny prior felony conviction in this state . . ." to determine parole eligibility under the grid in SDCL 24-15A-32.

[¶13.] SDCL 24-15A-32 tasks the Department with calculating an initial parole date "by applying the percentage indicated in the following grid to the full term of the inmate's sentence[.]" The grid considers three factors to arrive at a percentage of the penitentiary sentence to be served before an inmate is parole eligible. Two of the factors are on the vertical axis of the grid and consider the seriousness of the felony offense for which parole is being calculated. These two factors are the felony classification of the offense and its categorization as either "nonviolent" or "violent." The third factor, on the horizontal axis of the grid, considers the number of prior felony convictions committed by the inmate, up to a maximum of three. The horizontal axis is simply labeled "Felony Convictions." The

horizontal axis does not differentiate between the classification or categorization of an inmate's previous felony convictions to arrive at a parole calculation.

[¶14.]	Contrary to Reck's argument, the applicable statutes for determining parole eligibility are not ambiguous or unclear. Reck's argument that the statutes could be interpreted in two different ways ignores the legislative mandate in SDCL 24-15A-16 to consider "[a]ny felony conviction in this state . . ." to calculate parole. To accept Reck's argument would also require reading additional language into the horizontal axis of the grid in SDCL 24-15A-32. "This court assumes that statutes mean what they say and that legislators have said what they meant." *Brim v. S.D. Bd. of Pardons & Paroles*, 1997 S.D. 48, ¶ 22, 563 N.W.2d 812, 817 (quoting *In re Famous Brands, Inc.*, 347 N.W.2d 882, 885 (S.D. 1984)).

[¶15.]	Reck also argues that a 2019 legislative amendment to SDCL 24-15A-32 shows that an ambiguity exists in these statutes. The amendment added the following language to SDCL 24-15A-32:

> The application of the violent or nonviolent column of the grid is based on whether the inmate's current sentence is for a violent or nonviolent crime. Any prior felony shall be considered regardless of whether it is violent or nonviolent when determining which percentage to apply to the inmate's parole date calculation.

2019 S.D. Sess. Laws ch. 119, § 1.[2] Reck's argument presupposes that the Legislature amended the statute because it was ambiguous. However, an

---

2.	Reck did not raise this argument until his reply brief, which normally bars our consideration of the issue. *See Ellingson v. Ammann*, 2013 S.D. 32, ¶ 10, 830 N.W.2d 99, 102. However, Reck submitted his initial brief in November 2018, before the Legislature was in session, so it was not possible for Reck to have included this argument in his initial brief. The State did not request an opportunity to respond to this argument in Reck's reply brief.

ambiguity exists "where the literal meaning of a statute leads to an absurd or unreasonable conclusion . . . or when a statute is capable of being understood by reasonably well-informed persons in either of two or more senses." *Farm Bureau Life Ins. Co. v. Dolly*, 2018 S.D. 28, ¶ 9, 910 N.W.2d 196, 200 (quotations omitted). Neither of these conditions existed under the plain language of these statutes prior to the 2019 amendment to SDCL 24-15A-32. The decision by the Legislature to add language to the statute does not change our reading of the statute as it existed prior to the amendment. *See Expungement of Oliver*, 2012 S.D. 9, ¶ 16, 810 N.W.2d 350, 354.

[¶16.] GILBERTSON, Chief Justice, KERN and SALTER, Justices, and MEIERHENRY, Retired Justice, concur.

Appendix

The grid in SDCL 24-15A-32 provides:

| | Felony Convictions | | |
| Felony Class | First | Second | Third |
| --- | --- | --- | --- |
| **Non-Violent** | | | |
| Class 6 | .25 | .30 | .40 |
| Class 5 | .25 | .35 | .40 |
| Class 4 | .25 | .35 | .40 |
| Class 3 | .30 | .40 | .50 |
| Class 2 | .30 | .40 | .50 |
| Class 1 | .35 | .40 | .50 |
| Class C | .35 | .40 | .50 |
| **Violent** | | | |
| Class 6 | .35 | .45 | .55 |
| Class 5 | .40 | .50 | .60 |
| Class 4 | .40 | .50 | .65 |
| Class 3 | .50 | .60 | .70 |
| Class 2 | .50 | .65 | .75 |
| Class 1 | .50 | .65 | .75 |
| Class C | .50 | .65 | .75 |
| Class B | 1.0 | 1.0 | 1.0 |
| Class A | 1.0 | 1.0 | 1.0 |