#30108-a-SRJ
**2023 S.D. 28**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

MILO WALTER HIRNING,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
BROWN COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE RICHARD A. SOMMERS
Judge

* * * *

CHRISTY GRIFFIN SERR
Aberdeen, South Dakota                    Attorney for defendant
                                          and appellant.


MARTY J. JACKLEY
Attorney General

JOHN M. STROHMAN
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
                                        and appellee.

* * * *

CONSIDERED ON BRIEFS
MARCH 21, 2023
OPINION FILED **06/21/23**

#30108

JENSEN, Chief Justice

[¶1.] Milo Hirning pleaded guilty to possession of methamphetamine with intent to distribute in violation of SDCL 22-42-4.3, his second such offense. The circuit court imposed the 10-year mandatory minimum sentence established for a second or subsequent offense under SDCL 22-42-4.3. Hirning appeals from the judgment of conviction and requests remand for resentencing. He asserts that the court erred in determining that it was unable to deviate from the mandatory minimum sentence because one of the six necessary conditions set forth in SDCL 22-42-2.5 was not met. We affirm.

**Background**

[¶2.] On June 22, 2021, law enforcement discovered a large quantity of methamphetamine in a vehicle while executing a search warrant. The occupants of the vehicle told the officers they had just come from Hirning's home. At the time, Hirning was on parole supervision with the Department of Corrections for a prior felony conviction. Law enforcement received authorization from Hirning's parole officer to search Hirning's home consistent with the terms of his parole agreement. Hirning denied possessing any illegal substances when officers arrived. The officers searched Hirning's home and found a scale with methamphetamine residue, along with an Altoids tin containing eight grams of methamphetamine packaged in baggies, underneath some dirty clothes in his bedroom. Hirning refused to cooperate with law enforcement.

[¶3.] Hirning was indicted on one count of possession of methamphetamine with intent to distribute, one count of unauthorized ingestion of controlled drug or

substance, and one count of keeping a place for use or sale of controlled substances. The State also filed a part II information alleging Hirning had two prior felony convictions. Hirning pleaded not guilty to the charges.

[¶4.] Hirning and the State subsequently reached a plea agreement, and its terms were set forth on the record at a change of plea hearing. Hirning agreed to enter a guilty plea to count one, possession with intent to distribute, in exchange for the State's dismissal of the remaining charges. The State also agreed to cap its recommendation to a 15-year sentence, with five years suspended. The plea agreement permitted Hirning to argue for a lesser sentence.

[¶5.] At the sentencing hearing, the following exchange took place:

> THE COURT: Before we start the court would note that this is his second conviction for distribution, which is a mandatory 10-year sentence. And it appears that the court cannot waive that 10-year sentence unless I make a finding in writing that, among other things, Mr. Hirning cooperated with law enforcement. Has that taken place?
>
> [TRIAL COUNSEL]: It hasn't, but under that subsection, Your Honor, if the State was already aware of where the narcotics came from, it says under number five that the court can still make a finding he complied if the State already knew where the drugs had come from.
>
> THE COURT: I don't know that I read that the same way. Well, anyway, I don't know that I necessarily agree with that interpretation, [counsel]. Just being honest, but I'll hear your argument on it.

[¶6.] Trial counsel acknowledged the mandatory minimum sentence established by SDCL 22-42-4.3 but requested that the court deviate from the mandatory minimum, as permitted by SDCL 22-42-2.5, because Hirning satisfied all six conditions of the statute, and his health issues, age, and willingness to take

responsibility were mitigating circumstances.  Trial counsel explained his reading of subsection (5) of SDCL 22-42-2.5:

> It does say that the Defendant shall provide information before the time of sentencing, but I think it has a couple qualifications. It says, "but if the Defendant provides no relevant or useful information, or -- and this is the part I think applies to [Hirning] -- if the State was previously aware of the information."
>
> So in this case I think the key question would be, [Hirning], where did you get the drugs?  And in this case they already know the answer to that question because it was the person where he got the drugs that led them to his house.  They had stopped those individuals, searched that car and found the meth.  And then they said, "we were just at [Hirning's] house." So I think if they would have asked him that question, they did already know the answer to it.

[¶7.]        The court expressed that both mitigating and aggravating factors existed in the record.  The court noted that Hirning was 66 years old at the time of sentencing and had "a long history, including 10 felony convictions."  The court also reiterated its understanding of Hirning's struggles with addiction, advanced age, and poor health.

[¶8.]        In addressing Hirning's request to deviate from the mandatory minimum sentence, the court asked for clarification as to whether Hirning actually provided any information.  The State confirmed that he did not.  The circuit court found that subsections (1)-(4) and (6) of SDCL 22-42-2.5 were satisfied by the record.  All that remained on the threshold question of the court's ability to deviate downward from the mandatory minimum was the subsection (5) requirement that the court make a written finding as follows:

> The defendant truthfully provided to the state any information and evidence in connection with any offense that was part of the same course of conduct or of a common scheme or plan.  The

> defendant shall provide any information before the time of sentencing, but if the defendant provides no relevant or useful information or if the state was previously aware of the information, the court may determine that the defendant has complied with the finding under this subdivision[.]

SDCL 22-42-2.5(5). After finding that Hirning had not provided any information to the State, the court concluded that "I don't believe that I have any discretion" to deviate from the mandatory minimum sentence. The court then imposed a sentence, stating, "I find that SDCL 22-42-2.5 does not apply and I will sentence Mr. Hirning to the mandatory minimum of 10 years in the state penitentiary[.]"

[¶9.]    Hirning raises two issues on appeal, which we restate as follows:

(1)    Whether the circuit court erred by finding that the requirements of SDCL 22-42-2.5 were not met and sentencing Hirning to the mandatory minimum for a second offense under SDCL 22-42-4.3.

(2)    Whether Hirning received ineffective assistance of counsel because counsel did not provide information about Hirning's methamphetamine source to the State prior to sentencing.[*]

## Analysis

### 1.    Sentencing.

[¶10.]    "Questions of statutory interpretation and application are reviewed under the de novo standard of review with no deference to the circuit court's decision." *Long v. State*, 2017 S.D. 78, ¶ 5, 904 N.W.2d 358, 361 (quoting *Deadwood Stage Run, LLC v. S.D. Dep't of Revenue*, 2014 S.D. 90, ¶ 7, 857 N.W.2d 606, 609). "In conducting statutory interpretation, we give words their plain meaning and effect, and read statutes as a whole." *Reck v. S.D. Bd. of Pardons & Paroles*, 2019

---

*.    Appellate counsel is different from trial counsel.

S.D. 42, ¶ 11, 932 N.W.2d 135, 139 (quoting *State v. Bowers*, 2018 S.D. 50, ¶ 16, 915 N.W.2d 161, 166). "[I]f the words and phrases in the statute have plain meaning and effect, we should simply declare their meaning and not resort to statutory construction." *Id.* (alteration in original) (quoting *State v. Bariteau*, 2016 S.D. 57, ¶ 15, 884 N.W.2d 169, 175). "[T]he starting point when interpreting a statute must always be the language itself." *Id.* (quoting *State v. Livingood*, 2018 S.D. 83, ¶ 31, 921 N.W.2d 492, 499).

[¶11.] A conviction for possession of methamphetamine with intent to distribute, under SDCL 22-42-4.3, carries with it a mandatory minimum sentence. "A second or subsequent conviction under this section shall be punished by a mandatory sentence in the state penitentiary of at least ten years, which sentence may not be suspended." SDCL 22-42-4.3. SDCL 22-42-2.5 creates a narrow exception for a court to deviate from the mandatory minimum sentence by providing:

> [T]he court shall impose a sentence without regard to any statutory minimum sentence, only if the court makes written findings that:
> (1) The defendant does not have a prior conviction for a crime of violence as defined under subdivision 22-1-2(9);
> (2) The defendant did not use violence or any credible threat of violence or possess a firearm or other dangerous weapon in connection with the offense;
> (3) The defendant did not induce another participant to use violence or any credible threat of violence or possess a firearm or other dangerous weapon in connection with the offense;
> (4) The defendant was not an organizer, leader, manager, or supervisor of any other participant in connection with the offense;
> (5) The defendant truthfully provided to the state any information and evidence in connection with any offense that was part of the same course of conduct or of a common scheme or plan. The defendant shall provide any

information before the time of sentencing, but if the defendant provides no relevant or useful information or if the state was previously aware of the information, the court may determine that the defendant has complied with the finding under this subdivision; and

(6) The offense did not result in death or serious bodily injury to any person.

[¶12.] Hirning argues that, as a matter of statutory interpretation, SDCL 22-42-2.5(5) was satisfied because the State was aware of his source. He points to how stopping the vehicle that had just left his home provided law enforcement with other information about related transactions. He asserts that the court's statement at sentencing that it did not believe it had discretion indicates that the court would have deviated from the mandatory minimum if it had interpreted the statute correctly and realized it had discretion. He contends that the court erred in concluding that Hirning had not satisfied SDCL 22-42-2.5(5).

[¶13.] The State responds that Hirning has "not set out an argument that legitimately questions the statutory construction, interpretation, or constitutionality of SDCL 22-42-2.5." The State further contends that Hirning's argument is really a challenge to sentencing discretion rather than to statutory construction. It notes that the court only has to provide written findings if it concludes that a defendant has complied with all six factors, and even then, the statute is permissive with respect to sentencing outside the mandatory minimum. As applied to the case at hand, the State argues that Hirning did not cooperate with law enforcement and that trial counsel's attempt to satisfy the requirement by pointing to information obtained from others is unavailing.

[¶14.]     SDCL 22-42-2.5(5) requires a sentencing court to consider cooperation by a defendant in determining whether it may deviate from the mandatory minimum sentence under SDCL 22-42-4.3. Subsection (5) allows a court to make a finding when a defendant has "truthfully provided to the state *any* information and evidence in connection with any offense that was part of the same course of conduct or of a common scheme or plan." SDCL 22-42-2.5(5) (emphasis added).

[¶15.]     We must read statutes as a whole. *Reck*, 2019 S.D. 42, ¶ 11, 932 N.W.2d at 139. Contrary to Hirning's suggestion, the second sentence of SDCL 22-42-2.5(5) does not provide an alternative basis to support a finding when a defendant has failed to provide any information but the state is already aware of information about related criminal transactions. Rather, the language expounds on the timing and quality of the information provided by a defendant that will suffice for a finding under subsection (5). *Id.* The second sentence requires that "[t]he defendant shall provide any information before the time of sentencing, . . . ." *Id.* It then explains that "if the defendant provides *no relevant or useful information or if the state was previously aware of the information*, the court may determine that the defendant has complied with the finding under this subdivision[.]" *Id.* (emphasis added). Simply put, even if the information provided by a defendant is not helpful, the court "may" still find "that the defendant has complied" with subsection (5). *Id.* However, the finding is conditioned upon a showing that the defendant has provided information.

[¶16.]     It is undisputed that Hirning refused to cooperate with law enforcement. At the time of sentencing, Hirning's trial counsel acknowledged that

he had not provided any information. Hirning's reading of the statute under these circumstances is not supported by the plain language of SDCL 22-42-2.5. While the court stated that it could "draw the inference that the people that were stopped are the people that gave him the meth[,]" the court correctly read the statute to provide that "unless I make a finding in writing that, among other things, Mr. Hirning cooperated with law enforcement[,]" the court was without authority or discretion to deviate from the mandatory minimum sentence. The court did not err in determining that SDCL 22-42-2.5 did not permit the court to deviate from the mandatory minimum sentence because Hirning had failed to provide any information to the State.

### 2. Ineffective assistance of counsel.

[¶17.] "To prevail on an ineffective-assistance-of-counsel claim, 'the defendant must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment' and that 'counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *State v. Chipps*, 2016 S.D. 8, ¶ 17, 874 N.W.2d 475, 481-82 (omission in original) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)). However, "[i]neffective-assistance-of-counsel claims are generally not considered on direct appeal. Rather, such claims are best made by filing a petition for a writ of habeas corpus which, if granted, will result in an evidentiary hearing." *State v. Vortherms*, 2020 S.D. 67, ¶ 30, 952 N.W.2d 113, 120 (quoting *State v. Hauge*, 2019 S.D. 45, ¶ 18, 932 N.W.2d 165, 171). "Reviewing an ineffective-assistance-of-counsel claim on direct appeal does not

permit an 'attorney [ ] charged with ineffectiveness to explain or defend [his or her] actions and strategies[.]'" *Chipps*, 2016 S.D. 8, ¶ 17, 874 N.W.2d at 482 (alterations in original) (quoting *State v. Thomas*, 2011 S.D. 15, ¶ 23, 796 N.W.2d 706, 714). "Therefore, this Court will not grant relief for such a claim on direct appeal unless it is obvious on the record that the defendant has been deprived of his constitutional rights to counsel and a fair trial." *Id.*

[¶18.] Hirning argues that his trial counsel misunderstood SDCL 22-42-2.5(5). He argues his counsel should have provided the name of Hirning's source to the State prior to sentencing and that he should not suffer because of an error on counsel's part. In response, the State cites our decisional law that habeas corpus proceedings are the appropriate means to pursue claims of ineffective assistance of counsel and that that we rarely consider such claims on direct appeal. The State also argues that Hirning cannot blame trial counsel for his own failure to cooperate with law enforcement.

[¶19.] It is undisputed that neither Hirning nor his trial counsel shared any information with the State prior to sentencing, but the record is undeveloped as to any discussions between Hirning and his trial counsel about whether he should do so. We decline to consider Hirning's ineffective assistance of counsel claims on direct appeal.

[¶20.] Affirmed.

[¶21.] KERN, SALTER, DEVANEY, and MYREN, Justices, concur.