#30557-r-PJD
**2025 S.D. 26**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

TOM SMITH DBA TOM SMITH
MASONRY,                                          Plaintiff and Appellant,

v.

WIPI GROUP, USA, INC.,                            Defendant and Appellee,

and

LINCOLN COUNTY, SOUTH DAKOTA,                     Defendant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
LINCOLN COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE DOUGLAS E. HOFFMAN
Judge

* * * *

JEFFREY L. BRATKIEWICZ of
Bangs, McCullen, Butler, Foye
   & Simmons, LLP
Sioux Falls, South Dakota

SARAH E. BARON HOUY of
Bangs, McCullen, Butler, Foye
   & Simmons, LLP
Rapid City, South Dakota                          Attorneys for plaintiff and
                                                  appellant.

* * * *

CONSIDERED ON BRIEFS
AUGUST 27, 2024
OPINION FILED **06/11/25**

\* \* \* \*

RONALD A. PARSONS, JR of
Johnson, Janklow & Abdallah, LLP
Sioux Falls, South Dakota

PAMELA R. REITER
HANNAH HONRATH of
Reiter Law Firm
Sioux Falls, South Dakota                    Attorneys for defendant and
                                             appellee WIPI Group USA, Inc.

#30557

DEVANEY, Justice

[¶1.]        This is the second appeal between Tom Smith Masonry (Smith Masonry) and WIPI Group USA, Inc. (WIPI) related to Smith Masonry's work under a contract for a fence project on WIPI's property.  Smith Masonry brought suit against WIPI to foreclose on a mechanic's lien, seeking the remaining amount due under the contract.  WIPI disputed Smith Masonry's right to recover and asserted multiple counterclaims.  The circuit court denied both parties relief, and Smith Masonry appealed.  We reversed and remanded for the court to enter a judgment of foreclosure in favor of Smith Masonry for the full amount of the lien and to reconsider Smith Masonry's request for an award of attorney fees.  *Smith Masonry v. WIPI Group, USA, Inc. (WIPI I)*, 2023 S.D. 48, 996 N.W.2d 368.  On remand, the court entered a judgment in favor of Smith Masonry on the lien but declined to award Smith Masonry attorney fees.  Smith Masonry appeals.  We reverse and remand.

## Factual and Procedural Background

*Circuit court proceedings on the mechanic's lien*

[¶2.]        A more detailed factual and procedural background for this case can be found in *WIPI I*, 2023 S.D. 48, 996 N.W.2d 368.  Relevant to this appeal, Smith Masonry and WIPI executed a contract and addendum in February 2014 for Smith Masonry to construct a fence along WIPI's property.  The end design of the fence included over 50 masonry columns connected by metal fence panels.  Smith Masonry subcontracted with an excavation company to dig the holes and pour the

concrete footings for the columns and with American Fence Company to install the fence panels and a gate.

[¶3.]    After Smith Masonry installed the columns and American Fence nearly completed its work installing the fence panels, Smith Masonry requested final payment from WIPI. American Fence also requested payment for the work it had completed. WIPI did not remit payment to Smith Masonry at that time because a dispute arose over who was responsible for installing a gate operator for the fence. American Fence also did not receive payment, and as a result, American Fence stopped work on the project in September 2014. At the time, American Fence had installed all fence panels; however, some of the brackets needed adjusting to bring the fence panels into alignment, the gate operator had not been installed, and American Fence did not finish securing the gate.

[¶4.]    For the next couple months, Smith Masonry and WIPI discussed final payment to Smith Masonry and payment to American Fence, though no payments were remitted. Eventually, American Fence filed a mechanic's lien against WIPI's property, and WIPI paid American Fence $38,000 to satisfy the lien. WIPI persisted in its refusal to remit final payment to Smith Masonry, and in December 2014, Smith Masonry filed a mechanic's lien against WIPI's property. Thereafter, WIPI and Smith Masonry discussed concerns WIPI had about the fence project, and while these discussions were occurring, American Fence attempted to address, at no additional cost to WIPI, alignment issues that had occurred with the fence panels. WIPI did not allow American Fence to do the work and WIPI refused to remit final payment to Smith Masonry.

[¶5.]    In January 2017, Smith Masonry instituted an action to foreclose on its mechanic's lien against WIPI's property, seeking $41,672.20 for what it believed to be the unpaid balance due under the parties' contract. Smith Masonry also requested an award of attorney fees, costs, and expenses pursuant to SDCL 44-9-42. In its answer, WIPI "specifically denie[d] that [Smith Masonry] properly completed the work called for in the contract and put[] [Smith Masonry] to [its] proof as to the same." WIPI also asserted counterclaims for breach of contract, breach of express warranty, and breach of implied warranty of reasonable workmanship. WIPI sought damages, initially in the amount of $300,000, for Smith Masonry's faulty workmanship and requested an award of attorney fees as allowed by law.

[¶6.]    A six-day bench trial was held with multiple witnesses testifying for both parties concerning whether Smith Masonry constructed the columns according to masonry standards and what caused the alignment issues in the fence. Smith Masonry acknowledged that one column was leaning, multiple fence panels were out of alignment, and there were connection issues between the panels and columns. However, Smith Masonry presented testimony to support its view that the leaning column was caused by water drainage issues. It also presented testimony to prove that the connection and alignment issues with the fence could have been remedied had WIPI allowed American Fence to conduct repairs when it attempted to do so in 2014 and that the repair cost would have been $1,555.96.

[¶7.]    WIPI presented testimony from witnesses to support its contrary view that Smith Masonry failed to construct the columns to masonry standards and that Smith Masonry's faulty workmanship caused the issues with the fence. However,

WIPI's witnesses offered more than one suggestion as to how to remedy the issues and did not opine on the cost to repair or to replace the entire fence. Prior to trial, WIPI's expert witness, Keith Stroh, issued a report opining that WIPI sustained $650,000 in damages as a result of Smith Masonry's columns not meeting masonry standards. But at trial, the parties disputed the permissible scope of Stroh's expert testimony, and his report was not admitted into evidence. Because of this dispute, the parties agreed to a recess to allow Stroh to produce a supplemental report containing all his opinions and to allow Smith Masonry the opportunity to depose him.

[¶8.] The trial was scheduled to resume in September 2019, but the parties continued to dispute Stroh's intended testimony, and new discovery issues arose, causing a lengthy delay. In June 2021, the trial had not yet resumed and counsel for WIPI filed a motion to withdraw. The court granted the motion but ordered that WIPI had to obtain new counsel prior to a status hearing scheduled for July 16, 2021. The court's order provided that if WIPI failed to obtain a new attorney or show cause for why it was unable to do so, the court would have authority to enter a judgment in favor of Smith Masonry, awarding damages, attorney fees, and costs as requested in its complaint.

[¶9.] The July status hearing was continued, and eventually WIPI retained new counsel. The record contains multiple emails between WIPI's counsel and counsel for Smith Masonry regarding the date for the continued bench trial to resume and the parties' dispute over pending discovery issues. However, at a status hearing on September 9, 2021, the parties stipulated to submitting the case to the

circuit court on the existing trial record. Therefore, Stroh never testified on the issue of WIPI's damages and none of his written opinions were admitted into evidence.

[¶10.]     In October 2021, the circuit court issued a memorandum decision and later issued supplemental findings of fact and conclusions of law. The court found that Smith Masonry had a valid mechanic's lien for the unpaid contract balance but determined that WIPI was entitled to an offset because Smith Masonry's work failed to meet reasonable standards for construction of this nature. However, in regard to WIPI's damages, the circuit court found that the cost of repair was not "established with exactitude at trial," and it rejected WIPI's claim that the entire fence needed to be replaced. The court also determined that WIPI "unreasonably prohibited [Smith Masonry's] remediation efforts and then made absurd counterclaim demands that could never be justified under the facts or law." Ultimately, the court determined "that the remediation would not exceed the balance due under the contract" and thus "any reasonable damages under the counterclaims are offset by the unpaid balance under the complaint, and vice versa[.]" In so concluding, the court relied on principles of equity. The court dismissed the parties' claims against each other and ordered that each party be responsible for their own attorney fees and costs.

*Appeal and remand*

[¶11.]     Smith Masonry appealed, claiming the circuit court erred in denying relief on its mechanic's lien foreclosure and in denying its request for an award of attorney fees. On appeal, we noted that Smith Masonry did not fully perform under

the contract because its subcontractor, American Fence, undisputably did not complete its work on the fence project. *WIPI I*, 2023 S.D. 48, ¶ 36, 996 N.W.2d at 379. However, we upheld the circuit court's findings establishing that Smith Masonry substantially performed under the contract and was, therefore, entitled to recover the contract price less deductions for any defects in performance. *Id.* ¶ 41, 996 N.W.2d at 380.

[¶12.] We then examined the propriety of the circuit court's decision to wholly offset the amount of Smith Masonry's lien. In doing so, we rejected Smith Masonry's argument on appeal that WIPI was not entitled to compensation for the defects because of certain contract warranties, reasoning that the warranties do not apply under the circumstances. *Id.* ¶¶ 46, 48, 996 N.W.2d at 381. However, we agreed with Smith Masonry that the court erred in applying principles of equity when determining whether Smith Masonry can recover under the parties' contract. *Id.* ¶ 51, 996 N.W.2d at 382. We further concluded that "the court erred in denying Smith Masonry's request for an award of the amount due under the contract." *Id.* ¶ 58, 996 N.W.2d at 384.

[¶13.] As to any offset claimed by WIPI, we noted that "WIPI was required to produce evidence to allow the court a reasonable basis to calculate the cost of repair" related to any defects in the fence. *Id.* We further noted that "WIPI did not present any evidence of cost of repair such that the court could determine an amount to offset from the remaining amount due under the contract[.]" *Id.* Because WIPI failed to present evidence on damages "and given the court's determination that WIPI failed to mitigate at least some of its damages," we reversed and

remanded the matter. *Id.* We directed the court "to enter a judgment of foreclosure in favor of Smith Masonry on its mechanic's lien." *Id.* We also ordered the court to reconsider Smith Masonry's attorney fee request and make necessary findings "[i]n light of the court's erroneous application of principles of equity and determination that WIPI is entitled to a wholesale offset of the amount due on the contract[.]" *Id.* ¶ 59.

[¶14.]     After this Court issued its decision in *WIPI I*, Smith Masonry filed proposed supplemental findings of fact and conclusions of law on the issue of attorney fees, costs, and expenses (attorney fees). Smith Masonry noted that in July 2021, its counsel filed an affidavit in support of its request for $150,000 in attorney fees.[1] In that affidavit, Smith Masonry acknowledged the fee amount was higher than traditionally incurred in mechanic's lien cases, but it claimed that multiple reasons warranted the higher amount. First, it asserted that WIPI's "abusive" counterclaims in which it sought over $600,000 in damages necessitated increased attorney fees, noting that approximately 70% of the fees and expenses were related to defending against those claims. Second, Smith Masonry alleged that WIPI changed counsel twice, causing delays and inefficiencies that increased attorney fees. Finally, Smith Masonry asserted that its attorney fees increased because the case, which began in 2017, started and stopped several times, and

---

1.     Counsel for Smith Masonry alleged in this affidavit that up to July 2021, he billed 817.40 hours at $150 per hour for $130,579.65 in legal fees and taxes and that Smith Masonry incurred $11,320.08 in costs and expenses. Counsel further asserted that Smith Masonry incurred $5,325 in legal fees by different counsel to prepare and record the mechanic's lien against WIPI, investigate facts, and attempt to obtain final payment to avoid litigation.

counsel was required to "address new issues, theories, and allegations that were interjected by [WIPI] and its experts in the middle of the bench trial."

[¶15.]     In addition to the averments in the July 2021 affidavit, Smith Masonry proposed supplemental findings and conclusions and directed the circuit court to a July 2021 email in which WIPI indicated it had, by that time, incurred over $200,000 in attorney fees. Smith Masonry further noted that a judgment was entered against WIPI in June 2023 in a separate lawsuit initiated by WIPI's former counsel for over $170,000 in additional attorney fees. Thus, according to Smith Masonry, its request for $150,000 in attorney fees "is reasonable and appropriate" when compared to WIPI incurring over $300,000 in attorney fees. Smith Masonry also proposed a judgment of foreclosure in its favor for $228,387.50, comprising the full amount of its mechanic's lien, plus interest, and the requested award of attorney fees.

[¶16.]     The record does not contain a response to Smith Masonry's proposed supplemental findings requesting attorney fees or its proposed judgment. On appeal, Smith Masonry claims WIPI resisted the filings without explanation. The circuit court nevertheless stamped "denied" on Smith Masonry's filings, and shortly thereafter, Smith Masonry submitted another request via a brief in support of an award of attorney fees in which Smith Masonry indicated that it had "assumed that WIPI would accept and agree to awarding [Smith Masonry] a total of $150,000 for attorney's fees, costs, and expenses because it was significantly less than [the] actual attorney's fees, costs, and expenses in this case." Smith Masonry then requested $248,383.02, alleging this sum represented the "actual" attorney fees it

incurred. Alternatively, Smith Masonry asked the court award the originally requested sum of $150,000. In support of the reasonableness of both amounts, Smith Masonry addressed the factors from *Crisman v. Determan Chiropractic, Inc.* that this Court has directed circuit courts to apply when awarding attorney fees.[2] 2004 S.D. 103, ¶ 28, 687 N.W.2d 507, 513. Counsel for Smith Masonry also submitted a lengthy affidavit detailing the history of his attorney-client relationship with Smith Masonry, the attempts to settle the matter informally, WIPI's use of the counterclaim to intimidate Smith Masonry, and the basis of the attorney fee amount given the circumstances of the case.

[¶17.] In a responsive brief, WIPI asserted that an award of attorney fees under SDCL 44-9-42 must be based on fees incurred in direct connection to Smith Masonry's pursuit of its mechanic's lien foreclosure and not related to Smith

---

2. Those factors include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

*Crisman v. Determan Chiropractic Inc.*, 2004 S.D. 103, ¶ 28, 687 N.W.2d 507, 513.

Masonry's defense against WIPI's counterclaims. WIPI identified counsel's time entries that were not related to the mechanic's lien and claimed "only approximately $6,000 of the fees" were attributable to Smith Masonry's pursuit of its mechanic's lien. WIPI also asserted that an analysis of the *Crisman* factors did not favor an award of $150,000 because the crux of Smith Masonry's discussion on those factors related to the reasonableness of the fees incurred in defending WIPI's counterclaims. Ultimately, WIPI postulated that Smith Masonry's potential attorney fee award could be $6,265, but if the court were to consider a higher award, the award should be capped at $45,000 because Smith Masonry stated that approximately 70% of its $150,000 attorney fee request related to defending against WIPI's counterclaims.

[¶18.] At a November 8, 2023 hearing during which the attorney fee request was considered, the circuit court asked counsel for Smith Masonry, "Do you think that Mr. Smith should have pursued a lien in the first place?" The court continued, "He got paid 160, and he said that he was still owed 40, but the evidence that was presented at the trial [the court] found in [its] decision was that he didn't do very good work, and he really wasn't entitled and shouldn't get paid the other 40." The court further offered its view that "a reasonable person in [Smith Masonry's] position . . . would have just walked away, and then he wouldn't have gotten sued, and we wouldn't have had $600,000 in attorney's fees spent between the two parties."

[¶19.] Counsel for Smith Masonry disputed the notion that faulty workmanship caused the issues, noting the testimony at trial referring to weather

being the cause and to the fact that WIPI did not allow American Fence to attempt to fix the issues with the fence panels. In response, the court reiterated its trial findings regarding the quality of Smith Masonry's work and surmised that had WIPI presented its final witness, there would have been evidence to support a determination that the diminution in the fence's value would have been $40,000 or $50,000. The circuit court further expressed its view that the case never should have been brought.

[¶20.] Counsel for WIPI agreed with the court's statement that WIPI did not get a perfect fence and suggested that the court's finding on the merits of WIPI's counterclaims related only to the absurdity of the relief requested, not that the counterclaims themselves were absurd. Counsel emphasized its argument that Smith Masonry cannot recover attorney fees incurred in defense of WIPI's counterclaims, which counsel noted would be 70% of the fee request if the court accepts Smith Masonry's representation in its filings. WIPI's counsel further argued that Smith Masonry's attorney fees were not warranted and necessary and suggested that the only reason Smith Masonry prevailed on appeal was because WIPI did not have a lawyer to finish the trial.

[¶21.] In that regard, the circuit court stated that WIPI's attorney, who agreed to allow the court to resolve the trial on the existing record, "doesn't have any experience in this kind of litigation" or "any experience of any kind in any kind of litigation" based on the court's past dealings with him. After counsel for Smith Masonry commented, "I don't think that's my fault," the court stated, "[W]hat I think is your fault is . . . you file a suit for 40 grand, and you draw a counterclaim

-11-

for 650, and you don't want to call it a wash and withdraw your lien and get the hell out of it." Counsel then replied, "Judge, I'm not going to apologize. I don't like bullies, and that's what they were, pure and simple."

[¶22.] The court further explained its view, stating, "Well, you, you fought it, and you put the time in, but that's your - - you don't like bullies. You went and you slayed the dragon, but if somebody gets sued for 650,000, and you don't think there's any possibility that maybe your client screwed up to the tune of 40 or 50, and you're only suing for 40 or 50, I mean that's not rational to [the court.]" In response, Smith Masonry's counsel asserted that it was not rational for WIPI to claim $650,000 in damages on a $200,000 project. Counsel further noted that Smith Masonry had prevailed on its mechanic's lien and argued that the expenditure of attorney fees to defeat a $650,000 counterclaim and obtain the outcome it did was reasonable and appropriate. The court then stated that it had no "problem with the fees that you charged or the amount of time that you put into the case." However, after explaining again why it did not believe Smith Masonry should have brought the action to enforce the lien in the first place, the court stated it was exercising its discretion to deny Smith Masonry any award of attorney fees. In the court's view, "the case wasn't warranted or necessary." The court then awarded Smith Masonry $4,380.53 in costs and directed WIPI's counsel to "prepare the thorough and necessary proposed findings and conclusions" and noted that Smith Masonry could file objections and alternate proposals.

[¶23.] Thereafter, the circuit court issued findings of fact and conclusions of law, many of which repeat the court's December 2021 supplemental findings of fact

and conclusions of law filed in conjunction with the trial that led to this Court's rulings in *WIPI I*. Relying on these prior findings and conclusions, the court reiterated its view that although Smith Masonry proved it had a valid mechanic's lien, Smith Masonry's defective construction practices entitled WIPI to an award of damages or, in the alternative, an offset against the balance due under the contract. The court noted that this Court did not reverse the finding that Smith Masonry provided a defective fence and that we found in favor of Smith Masonry on appeal solely because WIPI did not present testimony or evidence on damages.[3] The circuit court then clarified that its previous finding that WIPI's counterclaims were absurd related only to the amount requested because the court "found that the counterclaim was meritorious[.]"

[¶24.]      Regarding Smith Masonry's requested attorney fees, the circuit court cited SDCL 44-9-42 and the *Crisman* factors. It determined that under SDCL 44-9-42, Smith Masonry could not recover attorney fees incurred in defending against WIPI's counterclaims. Further, although the court did not parse out which fees Smith Masonry incurred in prosecuting its foreclosure claim, it determined that based on SDCL 44-9-42 and the *Crisman* factors, none of Smith Masonry's attorney fees were "warranted and necessary according to the circumstances of this case."

---

3.      While it is true this Court did not *reverse* the circuit court's finding that Smith Masonry provided a defective fence, we did not definitively rule on the propriety of this finding. Instead, after noting the competing arguments regarding whether this finding was clearly erroneous, we moved on to the dispositive issue after "accepting" this finding and concluded that because WIPI failed to present any evidence on damages, the circuit court erred in denying Smith Masonry recovery for the full amount of its mechanic's lien.

Therefore, the court denied Smith Masonry's request for an award of attorney fees in its entirety.

[¶25.] Smith Masonry appeals, asserting (1) the circuit court's denial of attorney fees violates the law of the case doctrine and (2) the circuit court abused its discretion in denying attorney fees under SDCL 44-9-2. It also requests an award of appellate attorney fees from this Court.

## Standard of Review

[¶26.] Where, as here, the circuit court's decision on attorney fees "rest[s] upon a clear legislative grant of power[,]' we review the decision under the abuse of discretion standard." *Wald, Inc. v. Stanley*, 2005 S.D. 112, ¶ 8, 706 N.W.2d 626, 628–29 (citations omitted). Under SDCL 44-9-42, "[t]he court shall have authority in its discretion to allow such attorney's fees and receiver's fees and other expenses as to it may seem warranted and necessary according to the circumstances of each case[.]" On appeal, this Court reviews a circuit court's ruling on a request for attorney fees for an abuse of discretion. *Suvada v. Muller*, 2022 S.D. 75, ¶ 42, 983 N.W.2d 548, 561. "An abuse of discretion 'is a fundamental error of judgment, a choice outside the range of permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable.'" *Id.* (citation omitted).

## Analysis and Decision

### 1. *Whether the circuit court violated the law of the case doctrine.*

[¶27.] Smith Masonry first claims that certain of the circuit court's justifications for denying its attorney fees violated the law of the case doctrine. For example, Smith Masonry points to the circuit court's explanation that it was

-14-

denying fees because Smith Masonry never should have pursued the lien in the first place; that Smith Masonry should have abandoned the lien after WIPI filed its counterclaim seeking over $600,000 in damages; and that WIPI would have proved damages at trial had the trial resumed, a factual assertion that Smith Masonry contends is not supported by the record. According to Smith Masonry, because this Court held in *WIPI I* that its lien was valid, that it was entitled to a judgment of foreclosure for the full amount of its lien, and that WIPI did not prove damages, "[i]t seems obvious, and undeniable, that the outcome [it] obtained required the retention and services of an attorney" and its attorney fees were warranted and necessary.

[¶28.] In response, WIPI argues that in the first appeal, the Court did not decide the issue of attorney fees, but rather instructed the lower court to reconsider the request for attorney fees and make necessary findings. WIPI argues the circuit court on remand did just that and the law of the case doctrine does not apply. We disagree with WIPI's assessment.

[¶29.] "The 'law of the case' doctrine . . . stands for the general rule that 'a question of law decided by the supreme court on a former appeal becomes the law of the case, in all its subsequent stages, and will not ordinarily be considered or reversed on a second appeal when the facts and the questions of law presented are substantially the same.'" *In re Pooled Advoc. Tr.*, 2012 S.D. 24, ¶ 23, 813 N.W.2d 130, 139 (quoting *In re Estate of Siebrasse*, 2006 S.D. 83, ¶ 16, 722 N.W.2d 86, 90). "[T]here 'is a rule of practice and procedure[,] which for policy reasons provides that once an issue is litigated and decided it *should remain settled for all subsequent*

*stages of the litigation.'" Grynberg Expl. Corp. v. Puckett*, 2004 S.D. 77, ¶ 21, 682 N.W.2d 317, 322 (second alteration in original) (emphasis added) (quoting *Shaffer v. Honeywell, Inc.*, 249 N.W.2d 251, 260 (S.D. 1976)).

[¶30.] In *WIPI I*, we determined that Smith Masonry had a valid mechanic's lien and having substantially performed under the contract, was entitled to recover the contract price less any deductions for defective performance. We then noted that "WIPI did not present *any* testimony or evidence establishing the cost necessary to remedy Smith Masonry's defective performance under the contract." *WIPI I*, 2023 S.D. 48, ¶ 57, 996 N.W.2d at 383. We therefore reversed the circuit court's denial of Smith Masonry's request for a judgment of foreclosure, holding that "the court erred in denying Smith Masonry's request for an award of the amount due under the contract." *Id.* ¶ 58, 996 N.W.2d at 384. Consequently, the issues concerning the legitimacy of Smith Masonry's lien and the absence of proof relating to WIPI's damages were all settled in *WIPI I*.

[¶31.] Although the circuit court entered a judgment in favor of Smith Masonry for the full amount of its mechanic's lien on remand, the court refused to accept the results of *WIPI I* when considering attorney fees. Instead, in its oral ruling denying attorney fees, the court harkened back to its original preferred ruling that was reversed in *WIPI I*, recalling its previous finding "that [Smith Masonry] didn't do very good work, and [Smith Masonry] really wasn't entitled and shouldn't get paid" for the $40,000 it claimed it was still owed after it had been paid $160,000. The court also opined that Smith Masonry should not have filed the foreclosure action, speculating that "if this would have been done right, somebody

would have come out there and fixed everything for [$40,000] or [$50,000], or the diminution [in] value would have been [$40,000] or [$50,000], and that's why I wrote my decision the way it was, which is a wash[.]"

[¶32.]     The circuit court continued to re-write *WIPI I* in its subsequent written findings of fact, stating that "[Smith Masonry] provided defective and shoddy work and [its] work was not worth the invoiced price." The court also found "that [WIPI's] counterclaim was meritorious, and [WIPI] was entitled to a sum of damages." The court then speculated about what evidence WIPI could have, but did not introduce at trial, when stating that due to WIPI's failure to introduce the evidence it "*had available to establish the cost necessary to remedy [Smith Masonry's] defective performance* under the contract, the Supreme Court found that [WIPI] did not produce any evidence to reduce [Smith Masonry's] mechanic's lien." (emphasis added).

[¶33.]     The issues regarding the validity of Smith Masonry's claim and WIPI's alleged offset damages were resolved and confined to the record in *WIPI I*, and the circuit court could not revisit them on remand, even within the collateral context of attorney fees. Smith Masonry was entitled to recover the full amount of its mechanic's lien and the circuit court's unwillingness to accept this resolution, when considering attorney fees, violated the law of the case doctrine.

### 2.     *Whether the circuit court abused its discretion in denying attorney fees under SDCL 44-9-2.*

[¶34.]     Smith Masonry next argues that the circuit court abused its discretion in categorically denying an award of attorney fees because it did so on an improper basis and for reasons that cannot be reconciled with *WIPI I*. It claims the circuit

court failed to apply the factors set forth in *Crisman* and failed to determine the issue based on the record evidence.[4]

[¶35.] In *Wald*, this Court noted that "South Dakota enacted the mechanic's lien laws to allow 'persons who provide labor and materials to file mechanic's liens to ensure that they get paid.'" 2005 S.D. 112, ¶ 14, 706 N.W.2d at 630 (quoting *Action Mech., Inc. v. Deadwood Historic Pres. Comm'n*, 2002 S.D. 121, ¶ 17, 652 N.W.2d 742, 749). The Court further explained that while SDCL 44-9-42 permits an award of attorney fees, such an award is not "punitive or . . . based on a conclusion that punishment is warranted." *Id.* (quoting *Duffield Const., Inc. v. Baldwin*, 2004 S.D. 51, ¶ 19, 679 N.W.2d 477, 483). Also, "[t]he amount of the ultimate award is not the only determining factor in an award of attorney's fees." *Id.* ¶ 15, 706 N.W.2d at 631. Rather, when deciding whether to award attorney fees under SDCL 44-9-42, the circuit court is to "follow the requirements set by this Court" and consider the circumstances of the case to determine if an award of attorney fees is warranted and necessary. *Id.*; *see also Suvada*, 2022 S.D. 75, ¶ 42, 983 N.W.2d at 561.

---

4.   Smith Masonry claims the court erroneously stated that it requested attorney fees "only" pursuant to SDCL 44-9-42, noting that it also requested attorney fees pursuant to SDCL 20-9-6.1 (for barratry and malicious prosecution) in its written objection to the court's findings and conclusions denying attorney fees on remand. Smith Masonry requests that this Court "specifically rule [that Smith Masonry] may still pursue recovery through a subsequent separate cause of action under SDCL 20-9-6.1." Smith Masonry's complaint, however, cites only SDCL 44-9-42, and this Court remanded for the circuit court to reconsider Smith Masonry's attorney fee request under SDCL 44-9-42. We decline to address this issue raised for the first time on remand. *See Hauck v. Clay Co. Comm.*, 2023 S.D. 43, ¶ 4 n.4, 994 N.W.2d 707, 709 n.4 ("Arguments not raised at the trial level are deemed waived on appeal.").

[¶36.] Here, as noted in our analysis of the law of the case doctrine, the circuit court did not examine whether Smith Masonry's attorney fees were warranted and necessary under the circumstances of the case *that actually occurred*—a case in which this Court determined that Smith Masonry's mechanic's lien is valid, that WIPI failed to prove damages to offset the amount of the lien, and that Smith Masonry is entitled to recover the full amount of the lien. Instead, the court considered what the court personally believed *should have or could have happened* in the case. When explaining the basis for its ruling, the court stated:

> I think that Smith should have recognized there was [sic] problems with the work that he did, and he got paid about what it was worth, and he shouldn't have filed the lien, and when he drew the counterclaim, I think any reasonable party and their attorney would have exited the case immediately, and, ah, you wouldn't have incurred all these attorney's fees[.]

Because of this, the court told Smith Masonry, "I'm not going to award you any attorney's fees. Zero. Because I don't think you're entitled to attorney's fees for, for this."

[¶37.] The court also denied Smith Masonry's request for attorney fees as punishment for pursuing payment, stating:

> From the very first day of this trial, I was thinking this case is unnecessary, and it's a waste of money, and these people are just throwing money away, and this case should have been settled long ago, basically walk away. That's what I think should have happened, and it didn't. So, I'm not going to reward anybody for it, and *I just think there's a lesson to be learned.*

(Emphasis added.)

[¶38.] Those statements were not included in the written findings of fact and conclusions of law drafted by counsel for WIPI, but these findings and conclusions

nevertheless convey the same sentiments. For example, while the court did not issue a specific finding blaming Smith Masonry for not settling after WIPI filed a counterclaim eventually asserted to be $650,000, the court found that Smith Masonry "rejected [a] settlement offer for both parties to walk away from this lawsuit with neither side incurring the hundreds of thousands of dollars in attorney fees that were ultimately incurred by both [parties]." The court's reference to this settlement offer came from the affidavit filed by counsel for Smith Masonry in support of the October 2023 motion for an award of attorney fees. However, this isolated focus on Smith Masonry's rejection of this particular settlement offer is troubling because the court disregarded the "extraordinary efforts" recounted in counsel's affidavit relating to Smith Masonry's attempts to settle the case. These included multiple offers exchanged between counsel for the parties during seven years of this litigation. The court also disregarded counsel's explanations as to why specific offers were proposed or rejected and the difficulties encountered in trying to reach a settlement due, in large part, to WIPI's prior counsel withdrawing and the lengthy periods during which WIPI's owner resided in Africa, making it difficult to locate him to discuss the case. Importantly, none of these factual assertions have been refuted by WIPI.

[¶39.] In a similar vein, the circuit court issued a written finding (labeled as a conclusion) that WIPI's failure to prove damages resulted from "trial counsel withdrawing as counsel and substitute counsel not introducing evidence [WIPI] had available to establish the cost necessary to remedy [Smith Masonry's] defective performance under the contract[.]" But this finding is not supported by the record.

As Smith Masonry notes, "WIPI has never offered any evidence supporting the conclusion that the outcome of the trial could have been different." Notably, in its objections to this proposed finding, Smith Masonry related that counsel for WIPI, during conversations between the parties about concluding the trial, indicated that its damages expert was no longer willing to testify and that it wanted the court to decide the case on the existing evidence and testimony.

[¶40.] Further problematic is the disparity between the circuit court's oral ruling denying attorney fees and its written findings and conclusions applying the *Crisman* factors. While the court did not specifically examine the *Crisman* factors in its oral ruling, the court stated that it did not "have a problem with the fees [Smith Masonry's counsel] charged or *the amount of time that [counsel] put in to the case.*" (Emphasis added.) But when applying the *Crisman* factors in its written findings and conclusions, the court found under the factor considering the time and labor involved, that Smith Masonry's attorney fee request was not supported. However, in doing so, the court plucked counsel's statement that the mechanic's lien foreclosure was "simple" and "ordinary" out of context. In making that statement, counsel was referring to the foreclosure case prior to WIPI asserting what the court had found to be an absurdly inflated counterclaim. The court also disregarded counsel's detailed explanation as to why this case "has stood out as being the most challenging matter [he] has handled" during his 20 plus years of litigation practice.

[¶41.] As to the second *Crisman* factor, the court found that Smith Masonry "did not present any evidence that [its] counsel's acceptance of this particular employment would preclude other employment by [its] counsel." But counsel's

unrefuted affidavit does, in fact, present facts relevant to this factor, including that his "firm's income was adversely impacted" and that "working on this case for the past seven years . . . limited [his] ability to perform pro bono work or represent other individuals at a discounted hourly rate." Finally, under the sixth *Crisman* factor, the court ignored counsel's lengthy explanation of "the nature and length of the professional relationship with the client," which resulted in counsel's firm being "sympathetic to [Smith Masonry's] circumstances" and agreeing to provide services at a rate significantly lower than the firm's standard hourly rate for construction and mechanic's lien foreclosure litigation. Based on the record before the circuit court, these particular findings were clearly erroneous.

[¶42.] Notably, WIPI did not argue in its filings to the circuit court that Smith Masonry should recover *zero* attorney fees. Rather, WIPI asserted that Smith Masonry's attorney fees should be limited to what Smith Masonry proved were incurred in pursuit of the foreclosure of the mechanic's lien (at most $45,000). But, as we noted in *Wald*, while the amount recovered on a mechanic's lien is a factor to consider, it is not determinative of the amount of attorney fees that are necessary and appropriate in a particular case.

[¶43.] The circuit court seemed to buttress its determination that attorney fees were not warranted and necessary under the circumstances of the case because 70% of them related to its defense of WIPI's counterclaim and, in the court's view, the statute does not permit an award of attorney fees incurred in defending against such counterclaims. The court did not cite authority for its narrow interpretation of SDCL 44-9-42 limiting the recoverable attorney fees to those incurred in

prosecuting a mechanic's lien foreclosure, and while WIPI asserts the same premise on appeal, it likewise does not cite authority in support.

[¶44.] We have not previously addressed the scope of a permissible attorney fee award under SDCL 44-9-42.[5] Smith Masonry contends that SDCL 44-9-42 does not limit an award of attorney fees to those incurred in pursuit of a mechanic's lien foreclosure. To support this contention, Smith Masonry cites a circuit court decision awarding attorney fees to a lien claimant that were incurred in defending a counterclaim because the lien claim and other claims "were intertwined and inseparable."[6] *White River Farms, Inc. v. 21st Century Water Tech., LLC*, 2016 WL 8539983, at *2 (S.D. 6th Cir.). Smith Masonry asserts that interpreting SDCL 44-9-42 to preclude "recovery of fees in defending the counterclaim would be contrary to the remedial purpose served by our mechanic's lien statutes."

[¶45.] It is well settled that "[t]he intent of a statute is determined from what the Legislature said, rather than what we think it should have said." *Reck v. S.D. Bd. of Pardons and Paroles*, 2019 S.D. 42, ¶ 11, 932 N.W.2d 135, 139 (quoting

---

5. In *W.J. Bachman Mech. Sheetmetal Co., Inc. v. Wal-Mart Real Est. Bus. Tr.*, the Court appeared to view as permissible an award of attorney fees that related to "the prosecution of the mechanic's lien claim *and the defense* of [the] setoff claim." 2009 S.D. 25, ¶ 39, 764 N.W.2d 722, 734 (emphasis added). However, the defendants were not contending that attorney fees could not be awarded under SDCL 44-9-42 to defend against a claimed setoff or counterclaim. Rather, they were asserting that the attorney fees were improperly awarded on the plaintiff's unjust enrichment claim. Therefore, the issue presented in the current appeal was not raised in *W.J. Bachman*.

6. Smith Masonry also cites *Duffield Constr., Inc. v. Baldwin*, 2004 S.D. 51, 679 N.W.2d 477. However, that case did not address the issue posed here—whether attorney fees incurred to defend against a counterclaim may be recovered under SDCL 44-9-42.

*Engesser v. Young*, 2014 S.D. 81, ¶ 22 n.1, 856 N.W.2d 471, 478 n.1). Applying that rule here, there is no language in SDCL 44-9-42 indicating the Legislature intended to limit an attorney fee award in a mechanic's lien foreclosure to those incurred in prosecuting the lien. Rather, the Legislature gave a circuit court broad discretion to award attorney fees "as to it may seem warranted and necessary *according to the circumstances of each case*[.]"[7] SDCL 44-9-42 (emphasis added); *see Reck*, 2019 S.D. 42, ¶ 11, 932 N.W.2d at 139 ("In conducting statutory interpretation, we give words their plain meaning and effect, and read statutes as a whole."). Depending on the mechanic's lien foreclosure case, the circumstances may warrant an award of attorney fees incurred both to prosecute the foreclosure and to defend against a related counterclaim or associated offset to the full amount of the claimed lien.

[¶46.] As one court explained, when the success of the foreclosure on the mechanic's lien hinges on the lien claimant's successful defense of the defendant's related counterclaim, the plaintiff may recover attorney fees incurred in defense of that counterclaim under the statute allowing an award of attorney fees to a plaintiff in a foreclosure action. *Clem Martone Constr., LLC v. DePino*, 77 A.3d 760, 769–70 (Conn. App. Ct. 2013). In reversing the trial court's determination otherwise, the Connecticut court noted that the parties' contract did not allow for a collection of attorney fees when breach is proven. *Id.* at 767. However, the court also noted the

---

7. In comparison to this broad language in SDCL 44-9-42, we recently noted, in *Plains Commerce Bank, Inc. v. Beck*, the narrower language in SDCL 15-17-38, which only allows attorney fees to be awarded "on mortgage foreclosures." 2023 S.D. 8, ¶ 53, 986 N.W.2d 519, 534 (reversing an attorney fee award that had been granted to an intervening party who succeeded in defending against a mortgage foreclosure).

trial court's finding that the lien claimant's "burden to prove substantial performance of its contractual obligations [was] intertwined with the defense of the counterclaim[.]" *Id.* at 769 (second alteration added). The court therefore held "that the court abused its discretion by excluding from its calculation of an award for attorney's fees all legal work related to the defendants' counterclaim, leaving no possibility for the plaintiff to obtain attorney's fees for legal work that was common to the prosecution of its foreclosure claim and the defense of the defendants' counterclaim." *Id.*

[¶47.]     Another court similarly determined that a lien claimant may recover attorney fees incurred in defending against related counterclaims. *Abbey Villas Dev. Corp. v. Site Contractors, Inc.*, 716 N.E.2d 91, 103 (Ind. Ct. App. 1999). The court noted that "the present litigation has been complex and protracted, requiring a trial spanning four and one-half days" and the "[c]ontractor's defense against these claims was part and parcel of, and necessary to, the enforcement of its mechanic's lien." *Id.* The court therefore determined the trial court did not err in awarding attorney fees incurred in defending against the counterclaims. *Id.*

[¶48.]     Here, in its answer to Smith Masonry's complaint seeking to foreclose on its mechanic's lien, WIPI specifically disputed Smith Masonry's right to recover the remaining amount due under the contract. WIPI also asserted contract-based counterclaims against Smith Masonry seeking to recover damages for Smith Masonry's faulty workmanship on the fence project and incurred over $300,000 in

attorney fees in doing so.[8]  Therefore, Smith Masonry's successful prosecution of its lien foreclosure hinged on it successfully defending against WIPI's counterclaims. Under such circumstances, we conclude that a recovery of attorney fees under SDCL 44-9-42 is not limited to fees incurred in prosecuting a mechanic's lien.  As such, Smith Masonry's fees incurred in defending against WIPI's counterclaim are recoverable, subject to the analysis in *Crisman*.  Therefore, the circuit court too narrowly viewed "the amount involved and the results obtained" (the fourth *Crisman* factor) to pertain only to the amount of Smith Masonry's mechanic's lien. The "amount involved" in this lawsuit included the $650,000 counterclaim asserted by WIPI and the "results obtained" included Smith Masonry successfully defeating such claim.

## Conclusion

[¶49.]     In addition to the application of an overly narrow interpretation of SDCL 44-9-22, the circuit court violated the law of the case doctrine when evaluating Smith Masonry's request for attorney fees.  Also, the court's denial of attorney fees was based, not on the existing record, but rather on factors that were not relevant to such a determination, namely, the court's personal views relating to

---

8.     Smith Masonry has cited supporting authority for its contention that the amount of attorney fees incurred by one's opponent is a fair consideration when considering the reasonableness of a prevailing party's attorney fee request.  *See In re S.D. Microsoft Antitrust Litigation*, 2005 S.D. 113, ¶ 54, 707 N.W.2d 85, 104–05 (noting "that when *total* attorney fees of plaintiff's counsel and *total* attorney fees of defendant's counsel are roughly equal, the comparison supports the conclusion that the amount of attorney fees requested by the prevailing party is reasonable"); *Eagle Ridge Est. Homeowners Ass'n, Inc. v. Anderson*, 2013 S.D. 21, ¶ 31, 827 N.W.2d 859, 868 (comparing the attorney fee amounts of both parties when examining the reasonableness of the prevailing party's attorney fee request).

how the case should have been resolved and its speculation as to what might have occurred had the trial resumed. For these reasons, the circuit court's denial of attorney fees was "a fundamental error of judgment, a choice outside the reasonable range of permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable." *See Suvada*, 2022 S.D. 75, ¶ 42, 983 N.W.2d at 561. We, therefore, reverse the circuit court's denial of Smith Masonry's attorney fees and remand for a determination of an award of attorney fees consistent with this opinion. We also award Smith Masonry $30,000 for appellate attorney fees.

[¶50.]    JENSEN, Chief Justice, and SALTER and MYREN, Justices, concur.

[¶51.]    KERN, Justice, specially concurs.


KERN, Justice, specially concurs.

[¶52.]    I agree with the conclusion in the majority opinion that the circuit court's evaluation of the attorney fees requested by Smith Masonry was not based on relevant considerations, and its denial of attorney fees was, therefore, an abuse of discretion. Rather than simply remanding the case to the circuit court for its determination of attorney fees unaided by further direction, however, I would instruct the circuit court to determine an appropriate amount of attorney fees, consistent with the considerations set forth above, of not less than $150,000.

[¶53.]    Counsel for Smith Masonry submitted an affidavit for attorney fees, costs, and expenses and application for entry of judgment and judgment of foreclosure on July 12, 2021. The affidavit detailed the attorney fees, costs, and expenses Smith Masonry incurred up to that point, totaling $147,224.73. The

attorney fees were based on a rate of $150 per hour, which as noted by counsel for Smith Masonry, was "substantially less than what most attorneys charge."

[¶54.] After the circuit court's October 2021 memorandum decision concluding neither party was damaged and dismissing all claims and counterclaims, Smith Masonry filed objections to the proposed memorandum decision on December 3, 2021, and in addition to requesting reconsideration of the court's July 2021 decision, it again requested $150,000 in attorney fees and costs. The record does not contain a response from WIPI to this filing. Although the circuit court entered supplemental findings of fact and conclusions of law, it denied Smith Masonry's request for attorney fees.

[¶55.] After appeal and this Court's reversal of the circuit court's judgment, on October 5, 2023, counsel for Smith Masonry submitted proposed supplemental findings of fact and conclusions of law, which contained several proposed findings of fact regarding the reasonableness of Smith Masonry's attorney fees of $150,000. Additionally, the proposed supplemental findings of fact contained a statement that WIPI had incurred attorney fees in excess of $220,000 and that, accordingly, an award up to $220,000 in attorney fees to Smith Masonry would be reasonable and appropriate. The record does not contain a response by WIPI to the proposed supplemental findings of fact and conclusions of law; however, the circuit court rejected them.

[¶56.] Smith Masonry also filed a brief in support of an award of attorney fees, along with a second affidavit of counsel on October 10, 2023. At that point, Smith Masonry sought $248,383.02 in attorney fees and costs, with counsel

explaining that between 2016 and 2021, his hourly rate was $150, but that in 2021, the hourly rate was $275. Counsel for Smith Masonry later filed a supplemental affidavit, correcting the total number of hours and total amount of attorney fees, and seeking $263,681.13 in attorney fees and costs.

[¶57.] WIPI opposed this request, based largely on its argument that Smith Masonry's attorney fees incurred in defending WIPI's counterclaim were not recoverable. In that opposition, WIPI also stated, "Any attempt by Smith to now increase his request above the previously requested $150,000 should be rejected, in part because he previously represented under oath that $150,000 was a reasonable amount of fees for the work performed." WIPI's argument that $150,000 in attorney fees was unreasonable was again centered on its claim that fees are not recoverable for defending against WIPI's counterclaims. Notably, WIPI did not argue to the circuit court, nor does it argue on appeal, that Smith Masonry should not recover *any* attorney fees.

[¶58.] As the majority notes, the circuit court stated during its oral ruling that it did not "have a problem with the fees [Smith Masonry's counsel] charged or the amount of time that [counsel] put into the case." Much of the circuit court's findings of fact and conclusions of law relate to whether attorney fees are recoverable at all, and not to the reasonableness of the amount of the fees requested or the hourly rate on which the requested fees are based. In fact, the circuit court concluded Smith Masonry's attorney fees "are not unreasonable in their hourly rate of $150," but it opted not to consider whether $275 per hour was unreasonable based on its ultimate conclusion that no attorney fees were recoverable.

[¶59.]     Thus, there has been no finding, conclusion, argument, or evidence that $150 per hour is an unreasonable rate, or for that matter, that $275 per hour is unwarranted, nor has there been a finding or conclusion by the circuit court that the amount of time counsel for Smith Masonry devoted to the case was unreasonable.  It is also notable that WIPI filed no objection or opposition to the initial request for attorney fees of $150,000, nor to the supplemental proposed findings of fact that related to the reasonableness of that amount.[9]  *See Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 695 (8th Cir. 2001) (affirming award of costs to defendant, noting that plaintiff filed no objection to defendant's bill of costs).  Nor did WIPI claim on appeal that the attorney fees request of $263,681.13 was unreasonable.  This is not surprising in light of the fact that WIPI paid at least $392,866.56 in attorney fees to advance its unsuccessful theories of the case.

[¶60.]     In its reply brief, counsel for Smith Masonry implores this Court to review the record and award attorney fees in the amount of $263,681 rather than remand the matter back to the circuit court for further proceedings.  Alternatively,

---

9.     The rate and number of hours on which this amount is based is unquestionably reasonable.  While counsel's rate was initially $150 per hour, counsel explained in his affidavit that this rate is low for the community.  Counsel for Smith Masonry explained that "local attorneys who generally have the same number of years of experience" (over 20 years) charge $250-$350 per hour.  These assertions are unchallenged, and it appears that based upon the prevailing rate in the community, a rate of $275 per hour would also be reasonable.  *See, e.g., Creative Res. Grp. of New Jersey, Inc. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 103–04 (E.D.N.Y. 2002) (holding "it is within the [court's] discretion to determine reasonable fees based on . . . knowledge of prevailing community rates").  *See also Buergofol GmbH v. Omega Liner Co., Inc.*, No. 4:22-CV-04112-KES, 2024 WL 492394, at *4 (D.S.D. Feb. 8, 2024) (concluding hourly rate of $325 per hour was reasonable for similarly situated South Dakota lawyers with 20 years' experience).

counsel requests that based on comments made by the circuit court during the October 25, 2023 hearing as noted above, this Court direct that the case be assigned to a different circuit court judge on remand. Such reassignment is within our power. *See Bertelsen v. Allstate Ins. Co.*, 2011 S.D. 13, ¶ 62, 796 N.W.2d 685, 706 (directing that on remand, the case be reassigned to a different circuit judge within that circuit); *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 667–68 (8th Cir. 2022) (concluding reassignment to a different judge on remand was warranted, noting the history of the case and prior proceedings); *Bult v. Leapley*, 507 N.W.2d 325, 330 (S.D. 1993) (Henderson, J., concurring) (recommending case be reassigned) (citing *United States v. Robin*, 553 F.2d 8, 11 (2nd Cir. 1977)) (explaining that "reassignment to another judge may be advisable in order to avoid 'an exercise in futility [in which] the Court is merely marching up the hill only to march right down again'") (citation omitted). This Court also has the prerogative to order that the circuit court award fees of not less than a certain amount. *See Divich v. Divich*, 2003 S.D. 73, ¶ 17, 665 N.W.2d 109, 113 (directing the circuit court on remand for a consideration of an award of attorney fees "of not less than $3,000.").

[¶61.] While the exercise of a circuit court's discretion must be held in high regard, so too, one must be cognizant of the significant temporal and financial burden on the parties in continuing to litigate this question of fees and the likelihood of a third appeal.[10] While rarely utilized, either alternative suggested by

---

10. The parties have already collectively expended far more than $600,000 in attorney fees (Smith Masonry's costs and fees are $263,681.13 and WIPI's costs and fees are $392,866.56, for a total of $656,547.69, excluding costs for this appeal).

Smith Masonry is supported by our case law. However, in light of the fact that this case has been pending for over eight years and that this is now the second appeal in which the Court reversed determinations made by the circuit court, rather than expending additional judicial resources to reassign the case to a new judge, further direction on remand is warranted. In my view, on remand, the circuit court should conduct a review of the factors relevant to an award of attorney fees, with $150,000 as the *floor* for its fee consideration.

[¶62.] In sum, whereas here there is no question that Smith Masonry is entitled to an award of attorney fees, I would also reverse the circuit court's denial of attorney fees and remand for the circuit court's determination of an appropriate award of attorney fees to Smith Masonry.